IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARY ANN GANTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. EP-08-CV-0195-PRM |
| CIRCLE K STORES, INC., | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE PHILIP MARTINEZ, UNITED STATES DISTRICT JUDGE:**

Comes now MARY ANN GANTT, Plaintiff, and files this her Response to Defendant's Motion for Summary Judgment, and would show the following:

Mary Ann Gantt was employed by Circle K Stores for fifteen years. However, in 2007, she came under the supervision of a manager who treated her unfavorably. Defendant's managers then made the decision to terminate Gantt, prior to the event which it now claims was the sole reason for her termination. Gantt is African-American, and was replaced by an employee who is not African-American. Plaintiff sued for discrimination on the basis of age and race; but Defendant correctly points out that Plaintiff failed to exhaust administrative remedies on the age claim. Defendant's motion for summary judgment on Plaintiff's suit for discrimination on the basis of race or color should be denied.

A.  **Incorporation by reference of pending Motion to Reconsider Motion to Extend Discovery Deadline and Motion to Extend Time to Respond to Summary Judgment**

On April 6, 2009, Plaintiff filed with this Court a motion to reconsider her motion to extend the time to respond to Defendant's motion for summary judgment and to extend the discovery deadline. That motion is incorporated herein by reference. Plaintiff believes in good faith that if additional time for discovery and response to the motion for summary judgment is allowed, she will be able to provide additional evidence creating fact issues precluding summary judgment. Plaintiff renews her request that the Court grant this additional time. Attached hereto as Exhibit "B" is the declaration of Lisa Elizondo, Plaintiff's counsel, in support of this request.

B.  **Summary judgment standard.**

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). An issue is material if its resolution could affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). In reviewing a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods. Co.*, 530 U.S. 133, 150, 147 L.Ed.2d 105, 120 S.Ct. 2097 (2000). The Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.*

C.  **Defendant is entitled to judgment on the age discrimination claim.**

Plaintiff has sued for discrimination on the basis of age and race. Defendant moves for summary judgment on Plaintiff's age discrimination claim, based on a failure to exhaust administrative remedies. Defendant is correct, and is entitled to judgment on this claim.

D.  The *McDonnell-Douglas* **framework.**

Direct evidence is usually unavailable in cases of intentional discrimination. *Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d 633, 638 (5th Cir. 1985). Therefore, a claim of discrimination based on circumstantial evidence is often evaluated by applying the *McDonnell-Douglas* analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 799, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this analysis, the plaintiff has the initial burden to come forward with evidence establishing a prima facie case of discrimination. The defendant must then come forward with a legitimate nondiscriminatory reason for its decision. The burden then shifts back to the plaintiff to show that the defendant's explanation is pretextual, or otherwise show that his or her protected status was a motivating factor in the employment action. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309, 312 (5th Cir. 2004). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148.

E.  **The summary judgment evidence raises genuine issues of fact as to the prima facie case of discrimination.**

Defendant argues that Plaintiff cannot show a prima facie case of discrimination. Only a minimal showing is required to establish a prima facie case. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 1094, 67 L.Ed. 2007 (1981) ("The burden of establishing a prima facie case of disparate treatment is not onerous"); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) ("Only a minimal showing is necessary to meet this burden"). The elements of the prima facie case are that the plaintiff (1) was

3

discharged; (2) was qualified for the position; (3) was within the protected class at the time of the discharge; and (4) was either replaced by someone outside of the protected class, or treated less favorably than an employee outside of her protected class, or otherwise discharged because of her protected status. *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003), *aff'd*, 544 U.S. 228 (2005); *see Rachid,* 376 F.3d at 309. Defendant challenges only the fourth element of the prima facie case.

Specifically, Defendant argues that Plaintiff can not show that she was treated less favorably than an employee outside of her protected class in similar circumstances. Although this is one way of showing the prima facie case, it is not the only way; another way is to show that the plaintiff was replaced by a person who was outside of her protected class. *Smith*, 351 F.3d at 196. In *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 575-76 (5th Cir. 2003), an age discrimination case, the Fifth Circuit criticized the district court for requiring a plaintiff to prove disparate treatment at the prima facie stage of the analysis, rather than allowing the prima facie case to be established by any of the other recognized means permitted by this element of the test:

> Treating younger workers more favorably is not the only way to prove age discrimination. A plaintiff must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) *otherwise discharged because of his age.*" *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 (5th Cir.1993) (emphasis added). . . . The district court observed that, though replacement by a younger worker was not a necessary component of Palasota's *prima facie* case, Palasota still "[a]t the end of the day ... has to compare himself to a younger worker under 'nearly identical' circumstances to show that he was treated 'disparately' because of his age." Memorandum Order supra at 12 n. 3. This runs counter to *Reeves,* which holds that the establishment of a *prima facie* case and evidence casting doubt on the veracity of the employer's explanation is sufficient to find liability. 530 U.S. at 147, 120 S.Ct. 2097.

4

*Palasota*, 342 F.3d at 575-76 (emphasis in original). The law provides several methods by which employees may make the "minimal showing" of a prima facie case, and Defendants' challenge to only one of these methods provides no basis for granting summary judgment.

The prima facie case is established because Plaintiff was replaced by a person outside of her protected class. When a new employee is not hired to fill the terminated employee's position, but an employee outside of the protected class assumes the job duties of the terminated plaintiff, that person "replaces" the plaintiff for purposes of establishing the prima face case. *See Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990); *see also Trejo v. Cingular Wireless, LLC*, no. B-05-094, 2007 WL 1189643 (S.D. Tex. 2007). Thus, in *Sauer v. ICI Paints in North America*, the prima facie case of age discrimination was established when the plaintiff was terminated and his duties were assumed by a colleague who was seven years younger than him. *Sauer v. ICI Paints in North America*, 44 F.Supp.2d 827 (W.D. Tex. 1999). Defendant suspended Plaintiff as a predicate to terminating her, and at the same time, brought in another employee, Tony Ibarra, to perform the duties she had been performing. (See the Declaration of Mary Ann Gantt, Plaintiff, attached hereto as Exhibit "A" and referred to herein as "Gantt dec.", ¶ 3). Mr. Ibarra is not African-American. (Gantt dec. ¶ 3). Accordingly, the replacement of Gantt by Ibarra suffices to make the "minimal showing" necessary to establish the prima facie case. The motion for summary judgment should be denied.

F.   **Defendant's stated reason for its decision was pretextual.**

The third phase of the *McDonnell-Douglas* inquiry allows the plaintiff to prevail if the evidence permits a reasonable jury to find the stated reason for the employment action pretextual, or otherwise demonstrates that plaintiff's protected characteristic was a motivating

5

factor in the employment decision. *See generally Reeves,* 530 U.S. at 148; *Rachid, supra.* Evidence sufficient to raise a genuine issue of fact as to whether an employer's proffered explanation is pretextual may take a variety of forms. *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 578, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). Pretext may be shown either directly, by showing that a discriminatory reason more likely motivated the employer; or indirectly, by showing that the employer's proffered reason is unworthy of credence. *Thornbrough,* 760 F.2d at 639, *quoting Burdine.* An employee establishes pretext by revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons for its actions that a reasonable factfinder could find them unworthy of credence. *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1198 (10th Cir. 2000).

Defendant's summary judgment motion claims that the sole reason for the termination of Gantt's employment was that she inadvertently sold alcohol to a minor in a TABC sting, and failed to report doing so immediately. However, the summary judgment evidence permits a jury to find that Defendant had actually made the decision to terminate Plaintiff before it learned of this event, and merely used it as an excuse to terminate Plaintiff. Specifically, in the months leading to her termination, other Circle K managers warned Plaintiff to be careful, suggesting that her manager was looking for a reason to terminate her. (Gantt dec. ¶ 4). Another manager warned her that the market manager had suggested (incorrectly) that she was incapable of running the store that she was managing. (Gantt dec. ¶ 5). Most significantly, at a date prior to the time that Defendant learned of the event purportedly causing Plaintiff's termination, another manager, Michael Stockwell, was promised that Plaintiff was going to be terminated and that he

would receive her store. (Gantt dec. ¶ 6). Mr. Stockwell is not African-American. (Gantt dec. ¶ 6).

The question of intentional discrimination is a "snapshot" inquiry into the motive of the employer at the time its decision was made. *Patrick v. Ridge*, 394 F.3d 311, 319 (5th Cir. 2004). As the ultimate issue is the employer's reasoning at the moment the questioned employment decision is made, a justification that did not motivate the employer's decision is not evidence that tends to illuminate the issue of whether the employer discriminated. *Patrick*, 394 F.3d at 319. An employer may not prevail by offering a 'legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision.'" *Id.*, *quoting Price Waterhouse v. Hopkins*, 490 U.S. 228, 252, 104 L.Ed.2d 268, 109 S.Ct. 1775 (1989). Thus, the evidence that the termination of Gantt was predetermined before the event purportedly causing her termination – and therefore, that she was not actually terminated for the stated reason – provides evidence allowing the jury to find that the stated reason is pretextual. *See Gee v. Principi*, 289 F.3d 342, 348 (5th Cir. 2002) (finding pretext where decision not to hire the plaintiff had already been made before the end of a key meeting, rather than at the later date when the employer chose a different applicant); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 388-89 (5th Cir. 2003) (pretext finding supported by evidence that an employer had already decided to replace the plaintiff before a telephone conversation which purportedly led to the termination).

The summary judgment evidence raises genuine fact issues permitting a reasonable factfinder to conclude that Defendant's stated reason for the termination of Gantt was pretextual. Based on this conclusion, a jury may infer that discrimination was a true reason for the termination. The motion for summary judgment should be denied.

## CONCLUSION

The summary judgment evidence, viewed by the *McDonnell-Douglas* framework, and with all inferences and credibility determinations resolved in favor of the nonmovant, raises genuine issues of material fact allowing a reasonable jury to conclude that Plaintiff's race or color was a motivating factor in the decision to terminate her. Defendant's motion for summary judgment should be denied.

Respectfully submitted,

/s/ Lisa A. Elizondo
Lisa A. Elizondo
State Bar No. 00787428
Elizondo & Hayes
2524 Montana Ave.
El Paso, Texas 79903
(915) 351-2775
Fax (915) 351-2776
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that this pleading was filed with the Court using the CM/ECF system, which will send electronic notification of this filing to all counsel, on April __, 2009.

/s/ Lisa A. Elizondo
Lisa A. Elizondo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARY ANN GANTT, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>CIRCLE K STORES, INC., )<br>)<br>*Defendant.* ) | No. EP-08-CV-0195-PRM |

## DECLARATION OF MARY ANN GANTT

I, MARY ANN GANTT, declare as follows:

1. My name is MARY ANN GANTT. I am the Plaintiff in the above-styled case. I am over 21 years of age, of sound mind, and capable of making this statement. I have personal knowledge of the matters stated herein. Every statement herein is true and correct.

2. My color/race is black/African-American. I was previously employed by Circle K Stores, Inc., Defendant. I was terminated in August 2007, after a short period of suspension. My job title at the time of my termination was store manager.

3. At the time I was suspended, my manager brought another employee in to the store I worked to assume my work duties. That employee, Tony Ibarra, was not black/African-American.

4. The reason I was given for my termination was tied to a situation in which I inadvertently sold alcohol to a minor. However, I do not believe that this was the only reason for my termination. Based on the facts below, I believe that Circle K Stores had made the decision to terminate me before it learned of that event, and merely used that event as a pretextual excuse to terminate me.



5. One reason I believe that Circle K Stores had made the decision to terminate me before that event occurred was that my manager, Isela Almanda behaved as if I she was looking for a reason to terminate me. Although I had worked for the company for fifteen years, during the months leading up to the date of my termination, Isela was very nitpicky about my work performance. Several other Circle K managers, including Gwen Jackson and David Compean, informed me that I needed to be careful, suggesting to me that Ms. Almanda was looking for a reason to terminate me.

6. In addition, in the Spring of 2007, Juanita Hooks, who was employed as a manager with Circle K, had lunch with Michael Ruiz, the market manager. Ms. Hooks informed me that Mr. Ruiz had stated that I could not run the store that I was running.

7. I was subsequently informed by Michael Stockwell that, at a date prior to the time I was suspended, he had been promised my store. I understood this to mean that he had been promised that I would be terminated and he would be placed into my former position. Mr. Stockwell is not black/African-American.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4-9-09   _____
                Mary Ann Gantt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARY ANN GANTT,            ) | |
| )                          | |
| *Plaintiff,*               ) | |
| )                          | |
| v.                         ) | No. EP-08-CV-0195-PRM |
| )                          | |
| CIRCLE K STORES, INC.,     ) | |
| )                          | |
| *Defendant.*               ) | |

### DECLARATION OF LISA ELIZONDO

I, LISA ELIZONDO, declare as follows:

1. My name is LISA ELIZONDO. I am the attorney for the Plaintiff in the above-styled case. I am over 21 years of age, of sound mind, and capable of making this statement. I have personal knowledge of the matters stated herein. Every statement herein is true and correct.

2. Although this suit has been on file since June 2008, I first entered my appearance as counsel for Plaintiff in January, 2009. Until that point, the Plaintiff was not represented by counsel, and had not conducted any discovery.

3. Since entering my appearance as counsel, I have served written discovery on Defendant, and scheduled the deposition of the witness identified by Defendant as its decisionmaker. By agreement of counsel, that deposition is scheduled for May 5, 2009.

4. I believe in good faith that if additional time is allowed for discovery, including taking the deposition of Defendant's decisionmaker, and for responding to Defendant's motion for summary judgment, I will be able to present to the Court additional evidence to raise a fact issue as to the motivation of Defendant and whether Plaintiff's race was a consideration in the decision to terminate her. That discovery is likely to provide information about when and how


PLAINTIFF'S EXHIBIT B

the decision to terminate the Plaintiff's employment was made, whether Defendant's policy required that Plaintiff be terminated, and whether other similarly-situated employees were also terminated, all of which is relevant to whether Plaintiff's race was a motivating factor in the decision to terminate her employment.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/9/09                                    _____
                                                                LISA ELIZONDO